Trover, to recover damages for the conversion of a slave. Plea, notguilty. William Hatsell made his will, and thereby bequeathed to his wife all his slaves for her life or widowhood; and on her death or marriage he gave the whole of his said slaves to his children and wife, should she marry, to be equally divided between them. The original executor assented to the legacy and delivered the slaves to the widow (tenant for life) who never afterwards married, and she held possession of them up to her death, which happened in 1833. Archelaus Hatsell, one of the children of the testator, sold the said slave to the defendant. The defendant contended on the trial that the plaintiff, as administratorde bonis non, never had any title to the slaves, as the assent of the original executor to the legatee for life was an assent to the remainderman, and that the whole title thereby passed to the testator's children and out of the executor; and that as Archelaus Hatsell, one of the tenants in common in remainder of the slaves, made a conveyance of this slave to him, he had a right to hold him against the plaintiff. The judge charged the jury that the plaintiff had a right to recover. There was accordingly a verdict and judgment for the plaintiff, and the (88) defendant appealed, for misdirection as to the law.
The authorities cited by the defendant's counsel, Burnett v. Roberts, 15 N.C. and Smith v. Barham, 17 N.C. 420, clearly show that the plaintiff had no title to the slave after the assent of the original executor to the legacy for life, which is an assent to the legacy in remainder. The remedy for division by the tenants in common of the slaves (the defendant, by the assignment of A. Hatsell, being one of the tenants in common) was by petition under the act of Assembly, Rev. Stat., ch. 85, secs. 18, 19.
PER CURIAM. Venire de novo.
Cited: Acheson v. McCombs, 38 N.C. 555; Johnson v. Corpening,39 N.C. 219. *Page 69